# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Jim Ray Alexander | **Case No :**<br>**Date :**<br>**Time :** | 13–31040 – B – 11<br>10/1/13<br>09:32 |
| **Matter :** | [25] – Motion/Application to Value Collateral of Sierra Central [DSS–5] Filed by Debtor Jim Ray Alexander (jrus) | | UNOPPOSED |
| **Judge :**<br>**Courtroom Deputy :**<br>**Reporter :**<br>**Department :** | Thomas Holman<br>Sheryl Arnold<br>Diamond Reporters<br>B | | |

**APPEARANCES for :**
**Movant(s) :**
      Debtor(s) Attorney – David S. Silber
**Respondent(s) :**

---

Disposition After Oral Argument (formerly Tentative Ruling): This motion is unopposed. In this instance, the court issues the following abbreviated ruling.

The motion to value collateral pursuant to Fed. R. Bankr. P. 3012 and 11 U.S.C. § 506(a), is granted in part. In the absence of opposition, for the purposes of this motion, the debtor's 2005 Toyota 4Runner (the "Collateral") had a value of $3,000.00 on the date of the filing his chapter 11 petition. Except as so ordered, the motion is denied.

The foregoing valuation does not establish a value of the Collateral for all purposes in this chapter 11 case. For example, except to the extent particular parties may stipulate to the contrary, it does not establish the value for purposes of treatment of any secured claim in the context of chapter 11 plan confirmation. The proper valuation for that purpose may vary depending on the treatment proposed in the plan, and in the cramdown context, "the relevant collateral should be valued as of the effective date of the plan." 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy paragraph 506.03[d][10] (15th ed. Rev. 2009). In this case, no plan has been confirmed and a disclosure statement is yet to be approved.

The court will issue a minute order.